IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FRANK M. GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 06-4078-CV-C-DW-SSA |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Frank M. Gilbert seeks judicial review of the decision of the Commissioner of Social Security Administration denying his application for benefits under Title II of the Social Security Act. On August 19, 2005, following a hearing, the administrative law judge[1] ("ALJ") found Plaintiff was not disabled under the Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully considering the parties' arguments and the submitted record, the Court affirms the Commissioner's decision for the reasons set forth below.

### I. STANDARD OF REVIEW

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d

---

[1] The Honorable Craig Ellis.

1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

**II.     DISCUSSION**

Plaintiff argues that the ALJ did not properly evaluate the credibility of his subjective allegations of disabling pain. Specifically, he argues that the ALJ's emphasis on a lack of objective medical evidence is contrary to the legal standard imposed by Polaski and warrants reversal or remand. Plaintiff also argues that the ALJ erred in the determination of his residual functional capacity.

   A.     Credibility

Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making credibility determinations, the ALJ must consider the objective medical evidence, as well as any evidence relating to the so-called Polaski factors, namely: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating

factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In addition, subjective complaints, such as severity of impairments, may be discounted if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322.

As noted by Plaintiff, the ALJ performed an exhaustive evaluation of the medical source information contained in the record finding it was inconsistent with Plaintiff's subjective allegations. Alone, this may not have constituted substantial evidence based upon the record as a whole, however, the ALJ also considered evidence related to the Polaski factors, finding that Plaintiff's allegations were further undermined by his daily activities, his treatment history, reliance on non-prescription pain medication, receipt of private disability benefits, and Plaintiff's statement that he was looking for work during the period of alleged disability.

The Court finds that the ALJ applied the appropriate legal standards and his determination is supported by substantial evidence on the record as a whole.

### B. Residual Functional Capacity

Similarly, the Court finds no error in the ALJ's determination of Plaintiff's residual functional capacity ("RFC") and his retention of ability to perform other work available in significant numbers in the national economy. The ALJ's RFC determination was proper in that it was based on the relevant and credible evidence of record and Plaintiff's own credible subjective complaints. See Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir.2000). Finally, the ALJ relied on the testimony of the vocational expert to establish the availability of other work. See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990).

### III. CONCLUSION

After a careful review of the record, the ALJ's decision, and the arguments of the parties, the Court finds that the ALJ conformed to the applicable legal standards and his decision is supported by substantial evidence on the record as a whole. Accordingly, the Court AFFIRMS the Commissioner's decision.

Date:   December 18, 2007                             /s/ Dean Whipple
                                                                  Dean Whipple
                                         United States District Judge